IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ROBERT E. MURRAY, *et al.*,

    Plaintiffs,

vs.

CASE NO. 2:14-CV-02334
CHIEF JUDGE EDMUND A. SARGUS, JR.
MAGISTRATE JUDGE NORAH MCCANN KING

WILLIAM MOYERS, *et al.*,

    Defendants.

OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss Plaintiffs' Complaint for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 8). For the reasons set forth below, the Court **GRANTS** Defendants' motion.[1]

I.

Plaintiffs Robert E. Murray ("Murray") and Murray Energy Corporation ("Murray Energy") filed this false light invasion of privacy lawsuit against William Moyers, better known as tele-journalist "Bill Moyers" ("Moyers") of the television program "Moyers & Company", a commentary and interview show focused on current affairs, and Public Affairs Television, Inc. ("PAT"), the show's broadcast production company. The allegations arise from a program of October 19, 2012, entitled "Plutocracy Rising." (Pl.'s Compl. ¶ 9).

---

[1] In their briefing, Defendants request oral argument on their Motion to Dismiss. Pursuant to the Local Civil Rules, parties may apply for oral argument if "oral argument is deemed to be essential to the fair resolution of the case because of its public importance or the complexity of the factual or legal issues presented." S.D. Ohio Civ. R. 7.1(b)(2). Whether to grant or deny a request for oral argument is left to the sound discretion of the trial court. Because the Court finds that oral argument is not essential to the fair resolution of the Motion to Dismiss, the Court **DENIES** the request for oral argument.

During the broadcast, Moyers interviewed two journalists, and they discussed their views about a growing income gap in America, and what effect, if any, it might have on the then-upcoming presidential election. Moyers presented commentary, including his dismay about the Supreme Court's decision in *Citizens United v. FEC*, 558, U.S. 310 (2010), and his concern that the Court's decision had "effectively overturned rules that kept bosses from ordering employees to do political work on company time."[2] As an example, Moyers pointed to a video of presidential candidate Mitt Romney giving a campaign speech at a Murray Energy coal facility, with miners and other employees of Murray Energy in attendance. As part of the program, Moyers alleged that Murray Energy is "notorious for violating safety regulations, sometimes resulting in injuries and deaths," and that Murray Energy has paid millions of dollars in fines. (*Id*. at ¶ 12(a)-(b)). Additionally, Moyers depicted Murray as a "cutthroat businessman." (*Id*. at ¶ 12(c)).

Plaintiffs allege that the challenged statements "impute[] dishonesty and immorality regarding their character," *id*. at ¶ 18, "will continue to cause damage to Mr. Murray's and Murray Energy's reputation and good standing in their community and industry," *id*. at ¶ 33, and cause other injuries such as "loss of potential or existing customers for their businesses", *id*. at ¶ 32.

## II.

Defendants move for dismissal of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Rule requires the Court to construe the complaint in Plaintiffs' favor, accepting the factual allegations of the complaint as true, and then determining whether the factual allegations present any plausible claim upon which relief can be granted. *See Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007). However, the Supreme Court has explained that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

---

[2] *See* Complaint ¶ 10. A video of the program is available at http://billmoyers.com/episode/full-show-plutocracy-rising. Moyers characterized the *Citizens United* decision as "infamous" and characterized it as "liberating plutocrats to buy our elections fair and square." (ECF No. 8-1, PageID 152).

conclusions." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937 (2009).  Consequently, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

> To be considered plausible, a claim must be more than merely conceivable. *Twombley,* 550 U.S. at 556, 127 S.Ct. 1955; *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio,* 502 F.3d 545, 548 (6th Cir. 2007).  What this means is that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937.  The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ." *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955.  *See also Sensations, Inc. v. City of Grand Rapids,* 526 F.3d 291, 295 (6th Cir. 2008).

*Murray, et al., v. The HuffingtonPost.com, Inc.,* 21 F.Supp. 3d 879, 884 (S.D. Ohio 2014).

In their Opposition to Defendants' Motion to Dismiss, Plaintiffs contend that they have "adequate[ly] pled sufficient facts to support a finding of actual malice and false statements." (ECF No. 14, PageID 194).

### III.

The complaint in this case was filed in the Court of Common Pleas in Belmont County, Ohio, on October 20, 2014, and was removed to this Court on November 20, 2014.  The defendants contend that a one-year statute of limitations for claims of defamation applies pursuant to O.R.C. §2305.11(a).  The plaintiffs respond that the claims are for false-light invasion of privacy and subject to a four-year statute of limitations under  O.R.C. §2305.9(d).  There is no dispute that the complaint was filed within four years, but not within one year of the broadcast at issue.

Plaintiffs' claim for false-light invasion of privacy is governed by Ohio law, which provides:

> one who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of his privacy if (a) the false light in which the other was placed would be highly offensive to a reasonable person, and (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed.

*Welling v. Weinfeld,* 113 Ohio Std.3d 464, 473, 866 N.E.2d 1051, 1059 (2007).

In recognizing a false-light invasion of privacy cause of action in *Welling*, the Ohio Supreme Court noted that "[t]he requirements imposed by the Restatement [of the Law 2d, Torts (1977), Section 652E] make a false-light claim difficult to prove." *Id.* at 471, 866 N.E.2d at 1057. In considering the various jurisdictions that have recognized false-light invasion of privacy as a distinct tort, the *Welling* Court discussed the Colorado Supreme Court's "deliberate exercise of caution" in ruling false light to be "too amorphous a tort for Colorado." *Denver Publishing Co. v. Bueno*, 54 P.3d 893 (Colo. 2002). The *Bueno* court's central concern was that there is "an unacceptable overlap between false light and defamation." The *Bueno* majority reasoned:

> Courts that recognize false light view one's reputation in the community and one's personal sense of offense as separate interests. * * * But even those states that accept as important the difference between these two interests, reputation and personal feelings, recognize an 'affinity' between them. *Id.* at 901-902. *Bueno* describes the interest protected in a false-light claim as the "individual's peace of mind, *i.e.*, his or her interest 'in not being made to appear before the public in an objectionable false light or false position, or in other words, otherwise than as he is,'" while the action for defamation is to protect a person's interest in a good reputation. *Id.*, quoting Restatement of the Law 2d, Torts, Section 652E, Comment *b*.
>
> While conceding the distinction of those interests, *Bueno* held that "recognition of the different interest protected rests primarily on parsing a too subtle distinction between an individual's personal sensibilities and his or her reputation in the community." *Id.* at 902. But *Bueno* acknowledges that there are scenarios in which false light fits and defamation fails:
>
> "The first involves cases where the defendant reveals intimate and personal, but false, details of plaintiff's private life, for example, portraying plaintiff as the victim of sexual harassment, *Crump [v. Beckley Newspapers, Inc.*, 173 W.Va. 699], 320 S.E.2d [70] 80 (1984)], or as being poverty-stricken, *Cantrell v. Forest City Publ'g Co.*, 419 U.S. 245, 95 S.Ct. 465, 42 L.Ed.2d 419 (1974), or as having a terminal illness or suffering from depression. These depictions are not necessarily defamatory, but are potentially highly offensive. The second category encompasses portrayals of the plaintiff in a more positive light than he deserves. . . ." *Bueno*, 54 P.3d at 902-903.

*Welling*, at 469.

Defendants assert that, "[r]ecognizing that a defamation claim based on the October 2012 Broadcast would be time-barred by Ohio's one-year statute of limitations, O.R.C. §2305.11(a), Plaintiffs instead seek to cast their claim as one for "false light invasion of privacy." (ECF No. 8, Page

4

ID 115). Ohio courts have held that, under Ohio law, "[a] party cannot transform one cause of action into another through clever pleading or an alternate theory of law in order to avail itself of a more satisfactory statute of limitations." *Heuker v. Roberts, Kelly & Bucio, LLP*, 998 N.E.2d 827, 832 (Ohio Ct. App. 2013), citing *Love v. City of Port Clinton*, 524 N.E.2d 166 (Ohio 1988). To allow such "clever pleading" would improperly serve to circumvent the shorter limitations period. *Love*, at 168. Instead, when determining which statute of limitations applies, "courts must look to the actual nature or subject matter of the case, rather than to the form in which the action is pleaded." Thus, "[t]he grounds for bringing the action are the determinative factors, the form is immaterial." *Hambleton v. R.G. Barry Corp.*, 465 N.E.2d 1298, 1302 (Ohio 1984). "Which limitations period applies is determined by the actual nature or subject matter of the cause rather than the form in which the complaint is styled or pled." *Wilkerson v. O'Shea*, 12th Dist. Butler No. CA2009-03-068, 2009-Ohio-6550, 2009 WL 4810187, ¶ 12." *Heuker*, at 832.

> Under Ohio law, defamation is defined as
>
> a false publication "causing injury to a person's reputation, or exposing him to public hatred, contempt, ridicule, shame, or disgrace, or affecting him adversely in his trade or business." *Matalka v. Lagemann*, 21 Ohio App. 3d 134, 486 N.E.2d 1220, 1222 (1985). Defamation per se includes "that which reflects perniciously on a person's character or injures one in his trade, profession or occupation." *Tohline v. Central Trust Co.*, 48 Ohio App.3d 280, 549 N.E.2d 1223, 1228 (1988). To establish a prima facie case, plaintiff must show "a publication to a third person for which defendant is responsible, the recipient's understanding of the defamatory meaning, and its actionable character." *Hahn v. Kotten*, 43 Ohio St. 2d 237, 331 N.E. 2d 713, 718 (1975).

*Snyder v. Ag Trucking, Inc.*, 57 F.3d 484, 489 (6th Cir. 1995).

As noted by the Ohio Supreme Court, a claim alleging a false-light invasion of privacy overlaps, in many cases, with a claim for defamation. *Welling* at 469. The *Welling* court recognized certain allegations which could only be brought in a false-light invasion of privacy claim – that a party had been wrongfully portrayed as poverty-stricken, or suffering from a terminal illness. Such facts would not support a defamation claim, but would state a claim for false-light invasion of privacy. In

5

the Court's view, this distinction decides the statute of limitations question. Here, the allegations of the complaint are for both defamation and false-light invasion of privacy. The three statements allegedly made by the defendants are claimed to be false and caused damage to the reputation of the plaintiffs. If this is so, a claim for defamation would also arise from the allegations. In a case involving allegations that would support *both* a defamation and false-light invasion of privacy, this Court holds that Ohio law applies a one-year statute of limitations pursuant to O.R.C. §2305.11(a). Every defamation claim can be cast as a false-light invasion of privacy. To hold otherwise would essentially eliminate the one-year statute of limitations for defamation claims under O.R.C. §2305.11(a).

Defamation is the gravamen of what Plaintiffs have alleged in their complaint – they allege the publication of allegedly false information that "imputes dishonesty and immorality regarding [Plaintiffs] character," (Pl.'s Compl. ¶ 18); "will continue to cause damage to Mr. Murray's and Murray Energy's reputation and good standing in their community and industry," *id*. at ¶ 33; and cause other injuries such as "loss of potential or existing customers for their businesses", *id*. at ¶ 32.

In finding that the trial court was correct in construing an appellant's "negligence" cause of action as a claim for defamation, barred by Ohio's one-year statute of limitations, the appellate court in *Montgomery v. Ohio State Univ*., 2012 WL 5949038, at *4 (Ohio Ct. App. 10th Dist., Aug. 23, 2012) held that "[d]espite his attempt to recast his defamation claim in terms of negligence, the fact remains that appellant sought recovery for the alleged publication of false information to a third party." The claim in this case similarly sounds in defamation, and is barred by Ohio's one-year statute of limitations.

## IV.

Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss Plaintiffs' Complaint (ECF No. 8). The Clerk shall enter judgment accordingly and terminate this case on the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED.**

_____9-24-2015_____          _____/s/_____
**DATE**                                                          **EDMUND A. SARGUS, JR.**
                                                                  **CHIEF UNITED STATES DISTRICT JUDGE**